856 F.2d 202
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CHEMLAWN SERVICES CORPORATION and CL Licensing Corporation,
Plaintiffs- Appellees,
v.
GNC PUMPS, INC., and R. Gary Palmer, Defendants-Appellants.
 No. 88-1229.
 United States Court of Appeals, Federal Circuit.
 Aug. 22, 1988.
 
 Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 GNC Pumps, Inc., and R. Gary Palmer (GNC) appeal the order of the United States District Court for the Southern District of Texas, Civil Action No. H-86-1693 (S.D.Tex. Jan. 28, 1988), granting Chemlawn Services Corporation's and CL Licensing Corporation's (Chemlawn) motion for a preliminary injunction prohibiting GNC from manufacturing, distributing, or selling GNC's Mag-P spray gun, or any other spray gun the same as, or confusingly similar to, the Chemlawn spray gun. We affirm.
 
 OPINION
 
 2
 First, GNC argues that Chemlawn has no standing to allege a violation of 15 U.S.C. Sec. 1125(a) (1982). We disagree. Chemlawn has sufficient proprietary rights in the configuration of its spray gun for us to conclude, as a matter of law, that Chemlawn has standing to bring this action. See, e.g., Norman Morris Corp. v. Weinstein, 466 F.2d 137, 175 USPQ 130 (5th Cir.1972).
 
 
 3
 Second, GNC argues that the district court abused its discretion in preliminarily enjoining GNC from selling or otherwise distributing its Mag-P spray gun, or any other spray gun the same as, or confusingly similar to, the Chemlawn spray gun. We are not persuaded. To obtain a preliminary injunction, pursuant to controlling Fifth Circuit law, a party must establish a right thereto in light of four factors: (1) reasonable likelihood of success on the merits; (2) irreparable harm if the injunction does not issue; (3) the balance of hardships tipping in its favor; and (4) the impact of the injunction on the public interest. See Vision Center v. Opticks, Inc., 596 F.2d 111, 114, 202 USPQ 333, 337 (5th Cir.1979), cert. denied, 444 U.S. 1016 (1980). After a careful review of the record, and in view of the parties' arguments on appeal, we conclude that the district court considered all of the above four factors, and that the district court did not abuse its discretion in granting the injunctive order.
 
 
 4
 Third, GNC argues that the district court's injunctive order does not comply with Fed.R.Civ.P. 65(d). GNC contends that the order fails to inform GNC of the proscribed activity. This argument is meritless. The injunctive order, taken together with the district court's findings of fact and conclusions of law, clearly informs GNC that it is prohibited from selling or otherwise distributing its Mag-P spray gun, or any other spray gun the same as, or confusingly similar to, the Chemlawn spray gun.
 
 
 5
 In view of the foregoing, we affirm the district court's order enjoining GNC from selling or otherwise distributing its Mag-P spray gun, or any other spray gun the same as, or confusingly similar to, the Chemlawn spray gun.